IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALBU TRADING, INC.                          :
                                            :
        Plaintiff,                          :        Case No. 05-253 (GMS)
                                            :
        v.                                  :
                                            :
FOOD SAFETY AND INSPECTION                  :
SERVICE, RONALD K. LONGHANY,                :
and the DELAWARE STATE BAR                  :
ASSOCIATION,                                :
                                            :
        Defendants.                         :

---

**OPENING BRIEF OF THE
DELAWARE STATE BAR ASSOCIATION
IN SUPPORT OF ITS MOTION TO DISMISS**


PRICKETT, JONES & ELLIOTT, P.A.
Elizabeth M. McGeever (#2057)
1310 King Street
Wilmington, DE 19801
(302) 888-6500
Attorneys for the Delaware State Bar Association


Dated: August 22, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING............................... 1

SUMMARY OF ARGUMENT ........................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 3

     A.    The Parties ......................................................................................... 3

          1.    Plaintiff ................................................................................. 3

          2.    Defendants ........................................................................... 3

     B.    Albu's Unsuccessful State Court Action .................................................. 3

     C.    Albu's Federal Action .......................................................................... 4

I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM ................................................................................................. 5

II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIM IS TIME BARRED .................................................................................... 6

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE ALBU TRADING HAS FAILED TO JOIN A NECESSARY AND INDISPENSABLE PARTY ......................... 7

IV.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE ALBU IS NOT REPRESENTED BY AN ATTORNEY ..................................................................... 8

V.   DISMISSAL IS APPROPRIATE BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION ..................................................................................... 8

CONCLUSION.............................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

Brainin v. Melikian,
    396 F.2d 153 (3d Cir. 1968) .................................................................................. 9

Cavalier Group v. Strescon Indus., Inc.,
    782 F. Supp. 946 (D. Del. 1992) ............................................................................ 6

Chadwick v. Arabian American Oil Co.,
    656 F. Supp. 857 (D. Del. 1987) ............................................................................ 7

Fleming v. Estate of Stone,
    676 A.2d 902 (Del. 1996) (Order) ......................................................................... 6

Guerrino v. Ohio Cas. Ins. Co.,
    423 F.2d 419 (3d Cir. 1970) .................................................................................. 8

In re Infotechnology, Inc.,
    582 A.2d 215 (Del. 1990) ...................................................................................... 6

Jaconski v. Avisun Corp.,
    359 F.2d 931 (3d Cir. 1966) .................................................................................. 9

James v. Daley and Lewis,
    406 F. Supp. 645 (D. Del. 1976) ............................................................................ 8

Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,
    11 F.3d 399 (3d Cir. 1993) .................................................................................... 7

Johnson & Johnson v. Coopervision, Inc., 720 F. Supp. 1116 (D. Del. 1989) ................ 7

MacNeil v. Hearst Corp.,
    160 F. Supp. 157 (D. Del. 1958) ............................................................................ 8

Moore v. Sylvania Elec. Prod., Inc.,
    454 F.2d 81 (3d Cir. 1972) .................................................................................... 8

Obeng v. Delaware State Police,
    2005 WL 1592951 (D. Del. 2005) ......................................................................... 5

Ocean Ships, Inc. v. Stiles,
    315 F.2d 111 (2d Cir. 2002) .................................................................................. 9

Oropeza v. Maurer,
    860 A.2d 811 (Del. 2004) (Order) ......................................................................... 6

Sanders Co. Plumbing and Heating, Inc. v. B.B. Andersen Const. Co.,
    660 F. Supp. 752 (D. Kan. 1987) ........................................................................... 9

Sanders v. Malik,
    1997 WL 817854, aff'd., 711 A.2d 32 (Del. 1998) ................................................ 5

Siemens Energy & Automation, Inc. v. M & M Custom Coach, Inc.,
   1990 WL 12329 (E.D. Pa.) ........................................................................................ 9

Simbraw, Inc. v. United States,
   367 F.2d 373 (3d Cir. 1966) ...................................................................................... 8

Simon v. Cebrick,
   53 F.3d 17 (3d Cir. 1995) .......................................................................................... 5

Tybout v. Karr Barth Pension Admin., Inc.,
   819 F. Supp. 371 (D. Del. 1993) ............................................................................... 5

Weisblatt v. Chicago Bar Ass'n,
   684 N.E.2d 984 (Ill. App. Ct. 1997) ......................................................................... 5

**Statutes**

10 Del. C. § 8106 ............................................................................................................... 6

**Other Authorities**

28 U.S.C. § 1332(a) (West 2005) ...................................................................................... 8

28 U.S.C. § 1654 ............................................................................................................... 8

D. Del. LR 83.5(d) ............................................................................................................ 8

Fed. R. Civ. P. 12(b)(6).................................................................................................... 5

Fed. R. Civ. P. 19(a) ........................................................................................................ 7

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

The plaintiff, a corporation not represented by counsel, filed its complaint on April 29, 2005. Dck. Entry 1. It was served on defendant Delaware State Bar Association ("DSBA") on July 29, 2005. The DSBA is named as an "alternative" defendant. The plaintiff asserts that the DSBA is responsible for the alleged lack of diligence of plaintiff's former attorney, a deceased member of the DSBA. On August 22, 2005, DSBA filed a Motion to Dismiss. This is the DSBA's opening brief in support of that motion.

## SUMMARY OF ARGUMENT

1.     The complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

2.     The complaint should be dismissed because plaintiff's claims are barred by Delaware's three year statute of limitations.

3.     The complaint should be dismissed for failure to join an indispensable party.

4.     The complaint should be dismissed because plaintiff is not represented by counsel.

5.     The complaint should be dismissed because this Court lacks subject matter jurisdiction.

## STATEMENT OF FACTS[1]

**A.    The Parties**

**1.    Plaintiff**

The plaintiff is Albu Trading, Inc. ("Albu").  Albu is not represented by counsel.

**2.    Defendants**

The defendants are the Food Safety and Inspection Service, Ronald K. Longhany and, in the "alternative," the DSBA.

**B.    Albu's Unsuccessful State Court Action**

According to Albu's complaint, this case arises out of an unsuccessful contract action which Albu filed against Allen Family Foods ("Allen") on May 12, 2000 in the Delaware Superior Court.  Compl. ¶4 and Ex. A.  Albu sued Allen to recover the purchase price of chicken backs which Albu purchased from Allen for export to Romania.  On arrival in Romania, the chicken backs were found contaminated with salmonella and were destroyed.  Compl. ¶2.  The Delaware Superior Court granted Allen's motion for summary judgment in an opinion dated August 20, 2001.  Compl. Ex. A.  In granting summary judgment, the Superior Court relied on the veterinary certificates issued by a veterinarian from the United States Dept. of Agriculture. The certificates, dated May 18, 1998, attested that the chicken had no evidence of salmonella. The Superior Court also relied on an affidavit of defendant Ronald K. Longhany, the plant manger for United States Cold Storage, Inc.  The Longhany affidavit confirmed that on May 14, 1998, the day Albu assumed possession of the chicken, a U.S.D.A. inspector had visually inspected the poultry with negative results.  Compl. ¶¶8, 9.

Albu appealed the Superior Court's grant of summary judgment to the Delaware Supreme Court.  Compl. Ex. A.  While the appeal was pending, Albu obtained a letter from defendant

---

[1] For purposes of this motion, the facts set forth herein are derived from the complaint and the exhibits to it.  While for purposes of this motion, well pleaded facts are deemed to be true, the DSBA does not concede that the factual allegations are accurate.

Food Safety and Inspection Service ("FSIS"), which apparently corrected a prior FSIS letter and stated that no salmonella testing took place on May 18, 1998. Compl. ¶12. The Delaware Supreme Court remanded the case to the Delaware Superior Court with directions that Albu should file an appropriate Rule 60(b) motion with respect to the FSIS letter. Compl. Ex. A. On remand, the Superior Court denied Albu's Rule 60(b) motion concluding that Albu had not exercised reasonable diligence in obtaining information from the FSIS. Id. The Superior Court's April 4, 2002 denial of Albu's Rule 60(b) motion and its grant of summary judgment were eventually affirmed by the Delaware Supreme Court in orders dated November 22, 2002 and April 29, 2003. Id.

### C.     Albu's Federal Action

In this action, Albu now claims that the FSIS was negligent because it provided wrong information to plaintiff which, in turn, lead to the dismissal of his Superior Court lawsuit. Compl. ¶18. Albu also claims that Longhany made misrepresentations in his affidavit. Compl. ¶¶19-25. Finally, plaintiff joins the DSBA as an "alternative" defendant asserting that it is liable on behalf of Albu's former attorney, David Lank, who is deceased. Plaintiff's allegations against the DSBA are set forth in paragraphs 28-29 of the complaint:

> 28.     Mr. David Lank represented the plaintiff in the case that was consumed (sic) at the State Courts. He was apprehended (sic) in the case taking in consideration that he was accredited as a full member of the DE State Bar Association, to provide careful judiciary assistance to the plaintiff.
>
> 29.     If Mr. David Lank failed to use due diligence and care in pursuing the plaintiff's civil case, the DE State Bar Association bears the collective responsibility to recover the plaintiff in its loss.

The complaint does not name either Mr. Lank (or his estate) as a defendant. It does not contain a direct malpractice claim against him (or his estate).

## ARGUMENT

### I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM

A complaint should be dismissed when it fails to state a claim from which relief can be granted. Fed. R. Civ. P. 12(b)(6); Tybout v. Karr Barth Pension Admin., Inc., 819 F. Supp. 371, 376 (D. Del. 1993). A complaint fails to state a claim if, under a reasonable reading of the pleadings, no relief can be granted under any set of facts. Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995) Although well pleaded facts are accepted as true, bald unsupported assertions and legal conclusions need not be taken as true. Obeng v. Delaware State Police, 2005 WL 1592951 at *2 (D. Del. 2005)[2]. Here, even accepting the allegations in plaintiff's complaint as true, no claim is stated against the DSBA.

Plaintiff attempts to plead a claim against the DSBA for the alleged malpractice of a deceased member of the DSBA. Compl. ¶¶28-29. No such claim exists. First, as a matter of law, no claim exists against the DSBA because a bar association is not responsible for the alleged malpractice of its members. Weisblatt v. Chicago Bar Ass'n, 684 N.E.2d 984 (Ill. App. Ct. 1997) (dismissing complaint alleging liability of the Chicago Bar Association for negligent referral of a lawyer). Second, plaintiff has not even pleaded a malpractice claim against his former attorney. Plaintiff has not alleged the elements of a malpractice claim. He has not, for example, alleged his former attorney's neglect of a professional obligation, which is an element of a malpractice claim. Sanders v. Malik, 1997 WL 817854 at *2, aff'd., 711 A.2d 32 (Del. 1998). Third, while plaintiff's claim sounds in tort, plaintiff has not alleged that the DSBA owed him any duty. It does not. The DSBA is a voluntary member organization; it does not insure or regulate its members. Indeed, regulatory authority over members of the Delaware Bar rests

---

[2] Unreported opinions are attached hereto.

exclusively with the Delaware Supreme Court. In re Infotechnology, Inc., 582 A.2d 215, 220 (Del. 1990).

## II.    PLAINTIFF'S    COMPLAINT    SHOULD    BE    DISMISSED    BECAUSE PLAINTIFF'S CLAIM IS TIME BARRED

Even if plaintiff did state a claim against the DSBA (which it does not), the complaint should still be dismissed because the statute of limitations has expired. The statute of limitations in Delaware for legal malpractice is three years. 10 Del. C. § 8106; Oropeza v. Maurer, 860 A.2d 811 (Del. 2004) (Order); Fleming v. Estate of Stone, 676 A.2d 902 (Del. 1996) (Order); Began v. Dixon, 547 A.2d 620 (Del. Super. 1988). Generally, the statute begins to run when the alleged malpractice occurs, not when it is discovered. Oropeza, 860 A.2d at 811; see also Cavalier Group v. Strescon Indus., Inc., 782 F. Supp. 946, 951 (D. Del. 1992). The date of discovery is used only in cases of "infancy, incapacity, fraud and where there are no observable factors that would place a layman on notice of a problem, such as defect of title." Oropeza, 860 A.2d at 811.

Albu is barred from bringing this malpractice claim because the three year statute of limitations has expired. Albu asserts that Mr. Lank failed to use due diligence and care in his legal representation of plaintiff in the Superior Court action. Compl. at ¶28. At the latest, this act occurred on April 4, 2002, when the Superior Court denied Albu's Rule 60(b)(2) motion for failure to use reasonable diligence. The malpractice claim does not meet any of the exceptions to the general rule because not only were the acts which caused the alleged malpractice observable by the plaintiff, they were pointed out to the plaintiff in the April 4, 2002 opinion. Id. Therefore, the statute of limitations began on April 4, 2002 and expired on April 4, 2005.

### III.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE ALBU TRADING HAS FAILED TO JOIN A NECESSARY AND INDISPENSABLE PARTY

Joinder of indispensable parties is required under Fed. R. Civ. P. 19(a).  A party is indispensable and must be joined if "(1) complete relief cannot be accorded the present parties, or (2) the disposition of the action would prejudice . . . the unnamed party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations."  Johnson & Johnson v. Coopervision, Inc., 720 F. Supp. 1116, 1121-22 (D. Del. 1989).  An action cannot proceed without an indispensable party.  Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).  In a malpractice action, the person who is the direct cause of the alleged malpractice must be joined as a defendant.  Chadwick v. Arabian American Oil Co., 656 F. Supp. 857, 862-63 (D. Del. 1987).  In Chadwick, this Court dismissed a medical malpractice action because plaintiff failed to join the doctor who committed the alleged malpractice.  The doctor was the direct cause of the injury, his interests would be impaired by proceeding without him and there was potential for multiple or inconsistent judgments.

The same factors exist in this case.  While the DSBA denies liability regardless of whether Mr. Lank committed malpractice, the theory underlying plaintiff's claim is that the DSBA is liable only "[i]f Mr. Lank failed to use due diligence and care . . . ."  Compl. ¶29.  Mr. Lank's estate is an indispensable party because he is the direct cause of the plaintiff's alleged injuries.  Additionally, the estate's interests would be prejudiced if plaintiff attempts to prove that Mr. Lank was negligent without naming him (or his estate) as a defendant.  Therefore, the complaint should be dismissed for failing to join an indispensable party.

## IV.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE ALBU IS NOT REPRESENTED BY AN ATTORNEY

Corporations can only be represented in court by a duly licensed attorney.  28 U.S.C. § 1654; Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); James v. Daley and Lewis, 406 F. Supp. 645, 648 (D. Del. 1976); MacNeil v. Hearst Corp., 160 F. Supp. 157, 159 (D. Del. 1958).  It is of no consequence that the corporation is being represented by one if its own officers.  MacNeil, 160 F. Supp. at 159.   In addition to the requirement that a corporation be represented by counsel, the District of Delaware Rules requires counsel to be either a member of the bar or affiliated with local counsel.  D. Del. LR 83.5(d).

Albu is represented in the present action by its President, Peter Albu.  Mr. Albu is not a member of the bar and therefore, can not represent Albu.  Accordingly, the complaint should be dismissed for failure of a corporation to be represented by counsel.

## V.    DISMISSAL IS APPROPRIATE BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION

For a federal district court to have subject matter jurisdiction over a matter not involving a federal question, the suit must involve citizens of different states and the amount in controversy must be greater than $75,000.  28 U.S.C. § 1332(a) (West 2005).

To establish subject matter jurisdiction, a complaint must affirmatively plead diversity of citizenship.  Moore v. Sylvania Elec. Prod., Inc., 454 F.2d 81, 84 n. 1 (3d Cir. 1972) (stating that complaints must "include allegations of both the place of incorporation and the principal place of business of the corporate parties"); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970) ("Allegations of citizenship are required to meet the jurisdictional requirement).   A corporation can be a citizen of two states:  the state of incorporation and the state of the principle place of business.  28 U.S.C. § 1332(c)(1).  Merely doing business in a state, however, does not make that state the principal place of business.  Sanders Co. Plumbing and Heating, Inc. v. B.B.

Andersen Const. Co., 660 F. Supp. 752, 757 (D. Kan. 1987) ("The mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction").

Albu has not affirmatively pleaded diversity of citizenship. While the complaint includes a New York address for Albu, there is no allegation that Albu is incorporated in or has a principal place of business in New York. Moreover, the complaint does not allege the citizenship of any of the defendants.

Diversity jurisdiction also requires an amount in controversy greater than $75,000, "exclusive of interest or costs." 28 U.S.C. § 1332(a). Interest can only be included in the amount in controversy "if it is the basis of the suit or if it is part of the principal claim." Siemens Energy & Automation, Inc. v. M & M Custom Coach, Inc., 1990 WL 12329, at *1 (E.D. Pa.). Interest and costs are excluded because Congress did not want parties to delay lawsuits to meet the amount in controversy requirement. Brainin v. Melikian, 396 F.2d 153, 155 (3d Cir. 1968).

Typically, the amount of damages set forth by the plaintiff in the complaint is accepted by the court as the amount in controversy. Jaconski v. Avisun Corp., 359 F.2d 931, 934 (3d Cir. 1966); Ocean Ships, Inc. v. Stiles, 315 F.2d 111, 115 (2d Cir. 2002). When the amount is challenged on a motion to dismiss, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Jaconski, 359 F.2d at 934.

Here, it appears that Albu has not met the requisite amount in controversy to obtain diversity jurisdiction. While Albu claims damages in the amount of $76,000, that amount specifically includes interest and cost. Compl. ¶4. Therefore, if the interest and costs are greater than $1,000, the plaintiff lacks the requisite amount in controversy for diversity jurisdiction. Although, it is unclear exactly what the plaintiff has included in interest and costs, interest alone

in this action, beginning at the time of the sale of the chicken in 1998, must amount to more than $1,000.   Therefore, it appears that the plaintiff's "judicial expenses in the State Courts trials, interest and cost" amount to more than $1,000, destroying diversity jurisdiction.

## CONCLUSION

For the reasons set forth herein, plaintiff's complaint against the DSBA should be dismissed.

PRICKETT, JONES & ELLIOTT, P.A.

Elizabeth M. McGeever (#2057)
1310 King Street
Wilmington, DE 19801
(302) 888-6500
Attorneys for the Delaware State Bar Association

Dated: August 22, 2005

# DOCUMENT SEPARATOR SHEET

Westlaw.

Slip Copy
Slip Copy, 2005 WL 1592951
(Cite as: Slip Copy)

Slip Copy, 2005 WL 1592951
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Richard L. OBENG, Plaintiff,
v.
DELAWARE STATE POLICE, Comcast Cable, and
Federal Bureau of Investigation, Defendants.
No. Civ.A.04-1248 (GMS).

July 7, 2005.

Richard Y. Obeng, Bear, DE, pro se.
Susan W. Waesco , Morris, Nichols, Arsht & Tunnell
, Patricia C. Hannigan , U.S. Attorney's Office,
Wilmington, DE, for Defendants.

*MEMORANDUM*

SLEET, J.

## I. INTRODUCTION

*1 On September 9, 2004, Richard Y. Obeng ("Obeng") filed a *pro se* action against the Delaware State Police (the "DSP"), Comcast Cable ("Comcast"), and the Federal Bureau of Investigation (the "FBI") (collectively, the "defendants"). In his complaint, Obeng alleges that the defendants have, since 1999, "engaged in an elaborate and unlawful series of engagements to encroach on the plaintiff's privacy, civil rights, and other despicable and unlawful acts." (Compl.¶ 3.) Obeng seeks both punitive and compensatory damages from the defendants, as well as an order requiring the defendants to hand over any information on "activities of harassment that have been perpetrated against [the] plaintiff." (*Id.* ¶ 17.)

Presently before the court are the FBI's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Comcast's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the court will grant both motions.

## II. BACKGROUND

Obeng is a resident of Bear, Delaware. He initially filed his complaint in the New Castle County Court of Common Pleas on or about July 29, 2004. Comcast was served with the complaint on August 12, 2004, and timely filed a motion to dismiss on September 1, 2004. On September 9, 2004, prior to the hearing date set for Comcast's motion, the FBI removed the case to this court pursuant to 28 U.S.C. § § 1346 and 1446. On September 16, 2004, the FBI filed a motion to dismiss. FN1

> FN1. It does not appear from either the docket or the notice of removal that the DSP was served with the complaint in this case. The court, therefore, will dismiss Obeng's claims against the DSP without prejudice for failure to prosecute.

In his complaint, Obeng alleges that the defendants have, for the past five years, engaged in "cowardly, despicable and fiendish acts" against him that include sabotaging his business venture, hindering his job search, tampering with his prescription medication, tapping his phone, fax, and Internet access, possibly bugging his car and apartment, colluding with medical staff to reveal false and confidential medical information about him to the public, and monitoring him through his television so that "[w]hen [he] switches on his TV for any live telecast/broadcast, audiences in other studios and locations are able to see [him] in his [r]oom." (Compl.¶ 3-15.) Obeng also "strongly suspects" that the defendants have pressured local attorneys into declining to represent him. (*Id.* ¶ 14.)

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

An attack pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the court to address the merits of the complaint. *Lieberman v. Delaware,* No. CIV. A. 96-523 GMS, 2001 WL 1000936, at *1 (D.Del. Aug.30, 2001). Such a motion may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fact. *Mortensen v. First Fed. Sav. & Loan,* 439 F.2d 884, 891 (3d Cir.1977) (distinguishing standard governing each type of challenge); *see Lieberman,* 2001 WL 1000936, at *1 (finding facial challenge where defendant did not dispute facts alleged in complaint that supported court's subject matter jurisdiction). The case at hand presents a facial challenge because the FBI does not attack the merits of Obeng's claims but, rather, alleges procedural defects. Accordingly, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mortensen,* 549 F.2d at 891.

### B. Rule 12(b)(6)

**\*2** The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery,* 117 F.3d 723, 726 (3d Cir.1997) ; *Nami v. Fauver,* 82 F.3d 63, 64 (3d Cir.1996). In particular, the court must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988). The court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 1332 F.3d 902, 906 (3d Cir.1997) (quoting *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir.1996)).

### IV. DISCUSSION

### A. The FBI's Motion to Dismiss

The FBI moves to dismiss for lack of subject matter jurisdiction, asserting that Obeng has failed to meet the requirements of the Federal Tort Claims Act ("FTCA"). The FTCA "is designed to ease court congestion, expedite fair settlement, and provide equitable treatment to the injured individual." *Frantz v. United Sates,* 791 F.Supp. 445, 447 (D.Del.1992). To further these goals, the FTCA requires a claimant to file an administrative claim with the federal agency "whose activities gave rise to the claim." *See Nickle v. U.S. Army Corps of Engineers,* No. Civ. A. 03-322 GMS, 2003 WL 21640373, at *2 (D.Del. July

10, 2003) (citing 28 C.F.R. § 14.2(b)(1) (2003)). The claim must include: (1) an executed Standard Form 95 or other written notification of the incident; (2) a claim for a sum certain for injury to or loss of property or personal injury alleged to have resulted from the incident; and (3) if the claim is filed on behalf of the claimant, evidence of the authority to represent a claim on behalf of the claimant. *Id.; see* 28 C.F.R. § 14.2(a) (2005) ; *Frantz,* 791 F.Supp. at 448. Additionally, the claim must "have been finally denied by the agency in writing and sent by certified or registered mail" before the claimant may bring a suit in federal court. 28 U.S.C. § 2675(a) (2005).

Fulfillment of the administrative claim requirement is an essential prerequisite to the court's subject matter jurisdiction over an FTCA claim. *Washington v. Curry,* No. Civ. A. 01-617-JJF, 2002 WL 233192, at *2 (D.Del. Feb.14, 2002) ; *Dondero v. United States,* 775 F.Supp. 144, 147 (D.Del.1991) ( "Tort claims against the United States shall be barred unless they are first presented in writing to the appropriate Federal agency."). Pursuant to the FTCA, "federal courts do not possess subject matter jurisdiction unless the [accused] agency has an opportunity to review the claims." *Dondero,* 775 F.Supp. at 148 (D.Del.1991). Thus, failure to comply with the administrative exhaustion requirement must result in dismissal.

**\*3** Obeng, as the plaintiff, bears the burden of proving that a proper administrative claim was filed with the FBI. *See Frantz,* 791 F.Supp. at 450. That is, Obeng must show that he supplied written notice of his claim to the FBI. The FBI contends that Obeng did not file an administrative claim regarding his allegations in the present case. The court agrees. Based on the record before it, there is no evidence that Obeng ever presented the FBI with a written statement of his claim prior to this action. Further, Obeng does not allege in his complaint or otherwise that any such communication occurred. Indeed, there is not even a suggestion in the complaint that Obeng filed an executed Standard for 95 or other written notice of the incidents which he complains. As such, the court is without jurisdiction and, therefore, will grant the FBI's motion to dismiss.

### B. Comcast's Motion to Dismiss.

Comcast has moved to dismiss Obeng's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Comcast asserts that dismissal is appropriate in the present

case because Obeng's complaint does not meet the pleading requirements of <u>Rule 8 of the Federal Rules of Civil Procedure</u>. The court is persuaded by Comcast's argument. <u>Federal Rule of Civil Procedure 8(a)(2)</u> requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P. 8(a)(2) (2005)</u>. In order to survive a motion to dismiss, Obeng's allegations must provide Comcast with "fair notice of what ... [his] claim[s][are] and the grounds upon which [they] rest [ ]." <u>Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).</u>

Here, even under the generous standard that *pro se* litigants are afforded for purposes of a motion to dismiss, Obeng has failed to provide Comcast with fair notice of his claims against it. Obeng does not allege any particular claim or tort. Rather, he states that the defendants "might" have "encroach[ed] on [his] privacy [and] civil rights" by engaging in "despicable and unlawful acts." (Compl.¶ 3.) Moreover, of the ten specific claims that follow the initial paragraphs of his complaint, three are framed in the potential as either "may have" or "strongly suspect that" (*Id.* ¶ 5, 6, 14); two are statements of incidents that have allegedly happened to him without any attempt to link the defendants to those incidents (*Id.* ¶ 7, 12); and the remaining five allegations fail to specify whether Comcast was involved in the complained of conduct (*Id.* ¶ 4, 8, 10, 11, 13, 15). Further, it is unclear to the court what notice Comcast could possibly draw from Obeng's allegations that the defendants caused "undue emotional stress" FN2 (*Id.* ¶ 13), and performed "cowardly acts of treachery." (*Id.* ¶ 15.)

FN2. Even assuming the court construed Obeng's claim of "undue emotional stress" as a claim for intentional infliction of emotional distress, it would not survive Comcast's motion to dismiss. Under Delaware law, the requirements for a claim of intentional infliction of emotional distress are as follows: "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Mattern v. Hudson,* 542 A.2d 85, 85 (Del.Super.1987). In *Mattern,* the Delaware Superior Court defined "extreme conduct" as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as ... utterly intolerable in a civilized community." *Id.* at 86 (citing Restatement (Second) Torts § 46, cmt.d). In addition, "the distress requirement is met where the distress inflicted 'is so severe that no reasonable man could be expected to endure it.' " *Mandelaka v. Boyd,* 1993 WL 258798, at *1 (Del.Super. June 14, 1993) (quoting *Mattern,* 54 A.2d at 86). In the present case, the court cannot say that Obeng's unsupported assertion of "undue emotional stress" caused by unidentified "[d]efendants" rises to the level of distress required under Delaware law. Thus, Obeng has not sufficiently stated a claim for intentional infliction of emotional distress against Comcast.

Obeng also fails to meet the second requirement of *Conley.* That is, Obeng's complaint does not present any grounds for his claims. For example, while Obeng claims that his e-commerce site "was consistently sabotaged" by the defendants, his complaint fails to point to any specific acts that constituted sabotage. (Compl.¶ 9.) Nor does his response to Comcast's motion to dismiss provide the court with any additional information regarding the grounds for his claims. Instead, it just recites the unsupported assertions contained in his complaint. Accordingly, Obeng has not stated a claim against Comcast showing that he is entitled to relief. The court, therefore, will grant Comcast's motion to dismiss.

*ORDER*

**\*4** For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:
1. The FBI's Motion to Dismiss Plaintiff's Complaint (D.I.3) is GRANTED.
2. Comcast's Motion to Dismiss (D.I. 1 Ex. B) is GRANTED.
3. The plaintiff's claims against the FBI and Comcast are DISMISSED with prejudice.
4. The plaintiff's claims against the Delaware State Police are DISMISSED without prejudice for failure to prosecute.
5. The plaintiff's Motion to Separate Comcast Cable from Other Two (2) Defendants (D.I.8) is DENIED as moot.

D.Del.,2005.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    Page 4
Slip Copy, 2005 WL 1592951
**(Cite as: Slip Copy)**

Obeng v. Delaware State Police
Slip Copy, 2005 WL 1592951

Briefs and Other Related Documents <u>(Back to top)</u>

• <u>1:04cv01248</u> (Docket) (Sep. 09, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# DOCUMENT SEPARATOR SHEET

**\*817854**    Only the Westlaw citation is currently available.

UNPUBLISHED OPINION.    CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.

Charles B. SANDERS, Jr., Plaintiff,
v.
John S. MALIK, Esq., Defendant.

No. CIV.A. 97C-10-231-JOH.
Nov. 21, 1997.

Upon Motion to Proceed in Forma Pauperis-- Granted.    Upon Review of the Complaint-- Dismissed.

Mr. Charles B. Sanders, Jr., of Sussex Correctional Institution, Georgetown, Delaware.

MEMORANDUM OPINION

HERLIHY, J.

**\*\*1**    Charles B. Sanders, Jr., has filed an application to proceed *in forma pauperis*.   He is bringing suit against defendant John Malik for legal malpractice.

On June 29, 1996, the Governor signed new legislation relating to proceedings where an application is made to proceed *in forma pauperis*. (FN1)  Any person so applying must supply certain information in an affidavit.   (FN2)  The affidavit previously used by this Court has been revised to include the additional information the new law requires.

Sanders has supplied all the information the revised affidavit requires.   Since Sanders is also an inmate, he is required to supply additional information, namely, a certified summary of his inmate account.    (FN3)  He has fulfilled that obligation, too.

The Court has reviewed the affidavit Sanders has supplied.   It has determined he may proceed *in forma pauperis*.   Under the new legislation, once that decision is made, the Court is obligated to review the complaint.   (FN4)  The initial review is to determine whether service of process shall issue or the complaint should be dismissed at that point as

factually frivolous, malicious or legally frivolous. (FN5)  That review has now been completed and is set out below.

NATURE OF COMPLAINT

Sanders' complaint recites that he was arrested in December 1993 by the Dover Police for kidnapping, robbery in the first degree and burglary in the first degree.   Shortly thereafter, he retained Malik to represent him.   He gave Malik his version of the incident.

Malik, Sanders charges, conducted an inadequate pretrial investigation.   If he had, the complaint goes on, Malik would have discovered that (1) at a photo lineup the night of the crime, a witness identified someone other than Sanders, (2) the crime scene fingerprint was not Sanders' and (3) the affidavit of probable cause for the arrest warrant cleared Sanders.

In addition to these allegations, Sanders says that on the day of trial in Dover in April 1994, Malik showed up unprepared.   The prosecutor revealed that there had been a second, more recent photo lineup.   The witness/victim, Sanders says, changed her prior identification of another to him.

Sanders says this second lineup forced a change in the defense.   Further, Sanders says, since this second lineup was post-indictment, his counsel, Malik, should have been there.   He was not.   Malik did not bring this alleged violation of Sanders' rights to the trial court's attention.   He did not move to suppress that lineup.

As a result of the trial, Sanders was convicted. That conviction, he claims, resulted from Malik's malpractice.

PROCEDURAL HISTORY

Sanders convictions were upheld by the Delaware Supreme Court (FN6) Subsequently, Sanders moved for postconviction relief, under Superior Court Criminal Rule 61, and for a new trial.   The motion was denied.   The Supreme Court affirmed the denial of his motion for postconviction relief. (FN7 )

The basis for Sanders' action for postconviction relief was ineffective assistance of counsel, namely, Malik.    Sanders raised four claims before the

© 2005 Thomson/West. No claim to original U.S. Govt. works.

Supreme Court:    (1) his right to counsel was infringed by Malik's absence from the second lineup;    (2) due to counsel's absence, the eyewitness' testimony was tainted and violated his rights;    (3) the police withheld exculpatory information from the magistrate issuing the arrest warrant;    and (4) the police improperly tampered with the eyewitness while conducting the second lineup.

**2    The Supreme Court's order notes that Sanders' original motion in the Superior Court raised eleven other claims in his motion for postconviction relief and new trial.  He chose not to appeal those claims and the Supreme Court deemed them waived. (FN8)

This Court has obtained the report and recommendation from the Superior Court Commissioner in Kent County who considered Sanders' motion for postconviction relief.  (FN9) Sanders' various grounds for relief were summarized.

Besides the four he pursued in his second appeal, Sanders claimed his trial counsel, Malik, inadequately investigated the case and failed to file various motions.  Commissioner Maybee reviewed the details of these alleged deficiencies and found against Sanders.  Except where considered by the Supreme Court, Sanders did not appeal the Commissioner's findings on this claim.

### DISCUSSION

There is no standard of reviewing a complaint under § 8803(b).  The Court finds that the *Spence v. Funk* (FN10) standard is an, if not the, appropriate standard of review in this case.  That standard requires that all well-pled matters be accepted as true and to determine whether the plaintiff can recover under any conceivable circumstances susceptible of proof under the complaint. (FN11)

A recovery for legal malpractice requires three elements:  (1) employment of an attorney, (2) the attorney's neglect of a professional obligation, and (3) resultant loss.  (FN12) To prove damages, the client, or plaintiff in a legal malpractice action, must prove that but for his lawyer's negligence, the client would have been successful.  (FN13) The resultant loss is the conviction and sentence.

The same grounds upon which Sanders relies to pursue an action for legal malpractice have been previously litigated and determined against him in his postconviction relief proceedings.   Delaware recognizes the doctrine of collateral estoppel or issue preclusion. (FN14)

The legal standard for judging Sanders' claims of ineffective assistance of counsel in the criminal proceedings and for judging the civil malpractice claims are virtually the same.  (FN15) Since they are, Sanders is collaterally estopped from raising the same claims in this malpractice action.  (FN16) Mutuality of parties, Malik not being a *party* in the criminal proceeding, is not a prerequisite to the invocation of collateral estoppel.  (FN17)

The Court has conducted the review mandated by statute.  (FN18) As part of that mandated review, the Court necessarily had to consider whether Sanders' complaint stated any conceivable cause of action.  That considered, the Court has determined that Sanders is collaterally estopped from raising the same grounds in this current action which he had raised but were rejected in the criminal proceedings.  In that there are no grounds in the civil action independent of the criminal proceeding, Sanders' malpractice action must be dismissed as being without merit.

While the Court has found that Sanders' malpractice action cannot be pursued, the Court does not find his action is legally or factually frivolous or is malicious.

### CONCLUSION

**3. For the reasons stated herein, the action of plaintiff Charles B. Sanders, Jr., is DISMISSED, with prejudice.

IT IS SO ORDERED.

### ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS

The Court having considered the application to proceed *in forma pauperis* and the affidavit filed in connection therewith,

IT IS ORDERED

X The application is GRANTED.  The applicant shall:

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1997 WL 817854, Sanders v. Malik, (Del.Super. 1997)                                    **Page 3**

_____ Pay twenty percent (20%) of the applicant's average daily balance in the applicant's inmate account for the previous six months or time of incarceration, whichever period of time is less

_____                                                              Pay
_____

(Dollars or more than 20% of account).

X No fee or court costs to be paid.

The complaint shall be filed.

_____ The application is DENIED. The filing fee of $_____ is due (not less than 15 calendar days from the date of notice). If not paid by then, the complaint will be dismissed.

### ORDER UPON INITIAL REVIEW OF COMPLAINT

The Court having reviewed the complaint:

1. / IT IS ORDERED that the complaint is DISMISSED see attached.

_____ The complaint was factually frivolous

_____ The complaint was legally frivolous

_____ The complaint was malicious.

Service of process shall not issue.

2. _____ The complaint is NOT DISMISSED and service of process shall issue.

IT IS SO ORDERED.

(FN1.) 10 *Del. C.* Ch. 88.

(FN2.) 10 *Del. C.* § 8802(b).

(FN3.) 10 *Del. C.* § 8804(a).

(FN4.) 10 *Del. C.* § 8803(b).

(FN5.) *Id.*

(FN6.) *Sanders v. State,* Del.Supr., No. 256, 1994, Berger, J. (May 1, 1995) (ORDER).

(FN7.) *Sanders v. State,* Del.Supr., No. 76, 1996, Walsh, J. (April 24, 1996) (ORDER).

(FN8.) *Id.*

(FN9.) *State v. Sanders,* Del.Supr., K-94-01-0082I-0086-IR1, K-94-01-0265I-R1, Maybee, C. (November 17, 1995) adopted, Terry, J. (February 7, 1996).

(FN10.) Del.Supr., 396 A.2d 967 (1978).

(FN11.) *Id.* at 968.

(FN12.) *Floyd v. Brooks-Tahir,* Del.Supr., No. 449, 1993, at 4, Veasey, C.J. (October 4, 1994) (ORDER).

(FN13.) *Trader v. Streett,* Del.Super., C.A.No. 97C-03-010, at 2, Quillen, J. (April 2, 1997).

(FN14.) *Acierno v. New Castle County,* Del.Supr., 679 A.2d 455 (1996).

(FN15.) *McCord v. Bailey,* D.C.Cir., 636 F.2d 606, 609 (1980)

(FN16.) *Spry v. Gill,* Del.Super., C.A.No. 92C-11-015, at 2, Lee, J. (September 30, 1993).

(FN17.) *Wittrock v. Doelz,* Del.Super., C.A.No. 94C-02-243, at 3-4, Quillen, J. (March 26, 1997).

(FN18.) 10 *Del. C.* § 8803(b).

© 2005 Thomson/West. No claim to original U.S. Govt. works.

# DOCUMENT SEPARATOR SHEET

Westlaw.

Not Reported in F.Supp.                                                          Page 1
Not Reported in F.Supp., 1990 WL 12329
**(Cite as: Not Reported in F.Supp.)**

**C**
Not Reported in F.Supp., 1990 WL 12329
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
SIEMENS ENERGY & AUTOMATION, INC.
v.
M & M CUSTOM COACH, INC.
**CIV. No. 89-8666.**

Feb. 14, 1990.

Edward C. Tool, Jr. , C. Dennis Southard, IV.,
Philadelphia, Pa., for plaintiff.
William M. Cowan, Jr., Langhorne, Pa., for
defendant.

*MEMORANDUM*

LOUIS H. POLLAK, District Judge.
*1 Plaintiff, Siemens Energy & Automation, Inc.,
filed a complaint against defendant, M & M Custom
Coach, Inc., alleging that defendant owed him
$26,522.60, the remaining balance owed on the
purchase price of a portable weightpad.    Plaintiff
also alleges that as a condition of the sale, defendant
was required to pay a service charge of 11/2% per
month, equal to 18% per year for all past due
balances.    The service charge, calculated to the date
of plaintiff's complaint, is $25,719.88.    Thus,
plaintiff claims that defendant owes it a total of
$52,242.48.

Defendant has filed a motion to dismiss for lack of
subject matter jurisdiction pursuant to Rule 12(b)(1)
of the Federal Rules of Civil Procedure.    It contends
that, because the service charge is actually interest,
plaintiff's complaint does not meet the required
amount in controversy.

Defendant responds by asserting that, because the
service charge is an integral part of the contract, it
may be included as part of the amount in controversy.
Plaintiff contends that its claim based on the service
charge is comparable to a claim for attorney fees
when fees are provided as part of the contract.

The jurisdictional statute, 28 U.S.C. § 1332(a),
provides that a district court has jurisdiction if the
amount in controversy exceeds $50,000, exclusive of
interests and costs.    Interest may be included in the

jurisdictional amount only if it is the basis of the suit
or if it is part of the principal claim.    *See Brown v.
Webster,* 156 U.S. 328 (1895).    If, for example, a
party is suing on a bond, the interest may be included
in the jurisdictional amount, or if a party is suing on a
note prior to its maturity, the interest due on the note
may be included in the amount calculated for
jurisdiction.    *See* 14A Wright, Miller and Cooper,
Federal Practice and Procedure § 3712 (1985).
When, however, the interest sought to be included
arises merely because of a delay in payment, that
interest is not included in the amount:    "Congress
limited federal diversity jurisdiction to cases
involving in excess of $10,000 [now $50,000] to
prevent the delaying of a suit merely to accumulate
the necessary amount of federal jurisdiction."
*Brainin v. Melikian,* 396 F.2d 153, 155 (3d Cir.1968).

In the matter before me, payment of the service
charge is only required when payment is delayed.
Accordingly, plaintiff's complaint must be dismissed
because it fails to meet the jurisdictional amount.
An appropriate order follows.

*ORDER*

For the reasons stated in the accompanying
memorandum, it is hereby ORDERED and
DIRECTED that plaintiff's complaint is
DISMISSED.

E.D.Pa.,1990.
Siemens Energy & Automation, Inc. v. M &M
Custom Coach, Inc.
Not Reported in F.Supp., 1990 WL 12329

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Elizabeth M. McGeever, hereby certify that on this 22nd day of August, 2005, I (1) electronically filed the foregoing OPENING BRIEF OF THE DELAWARE STATE BAR ASSOCIATION IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of the Court using CM/ECF which will send notification of such filing to the following parties, and (2) sent a copy of the foregoing OPENING BRIEF OF THE DELAWARE STATE BAR ASSOCIATION IN SUPPORT OF ITS MOTION TO DISMISS via U.S. First Class Mail to the following parties:

Peter Albu
Albu Trading, Inc.
2960 Grand Concourse
Bronx, NY 10458

Ronald K. Longhany
US Cold Storage
419 Milford-Harrington Highway
P.O. Box 242
Milford, DE 19963

Food Safety and Inspection Service
Mellon Independence Center
701 Market Street, Suite 4100A
Philadelphia, PA 19106

_____
Elizabeth M. McGeever (#2057)