## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBU TRADING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-253-GMS |
| | ) |
| FOOD SAFETY AND INSPECTION | ) |
| SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FOOD SAFETY AND INSPECTION
SERVICE'S OPENING BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

COLM F. CONNOLLY
Assistant United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated: October 19, 2005

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STATE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    1.    Plaintiff's Claim Falls Within The Misrepresentation Exception To The
           Waiver Of Sovereign Immunity Under The Federal Tort Claims Act . . . . . . . . . 5

    2.    Plaintiff Has Not Named The United States of America,
           The Proper Defendant In This Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                                              **PAGE**

*Beneficial Consumer Discount Company v. Poltonowicz*
    47 F.3d 91 (3d Cir. 1995) ................................................ 5

*Block v. Neal*
    460 U.S. 289 (1983) ..................................................... 5

*Dilg v. United States*
    635 F.Supp. 406 (D.N.J. 1986) ........................................... 6

*Kosak v. United States*
    465 U.S. 848 (1984) ..................................................... 5

*Morano v. United States Naval Hospital*
    437 F.2d 1009 (3d Cir. 1970) ............................................ 6


**STATUTES & OTHER AUTHORITIES**

28 U.S.C. § 1346(b) ............................................................ 6
28 U.S.C. § 2671 .............................................................. 2
28 U.S.C. § 2679 .............................................................. 6
28 U.S.C. § 2679(a) ........................................................... 6
28 U.S.C. § 2680 (h) .......................................................... 5


Federal Rules of Civil Procedure
    12(b)(1) ................................................................ 2

**NATURE & STAGE OF PROCEEDINGS**

Plaintiff has brought this action against, *inter alia*, the Food Safety and Inspection Service (FSIS), alleging misrepresentations made by FSIS to the plaintiff, Albu Trading, Inc.

The Complaint was filed on April 29, 2005. This is the FSIS' brief in support of its motion to dismiss the claims against it.

## SUMMARY OF ARGUMENT

The gravamen of Plaintiff's claim is the tort of misrepresentation. The only applicable waiver of sovereign immunity for tort claims is the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§ 2671 *et seq.* However, the FTCA specifically excludes misrepresentation; stated otherwise, the FTCA specifically retains sovereign immunity as to misrepresentation claims.

In addition, plaintiff has not named the United States of America, the proper defendant in this action.

For both these reasons, plaintiff's claim should be dismissed as to the FSIS for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

**STATEMENT OF FACTS**

This civil action grows out of an alleged incident in May of 1998, when plaintiff, Albu Trading, Inc. ("Albu"), of the Bronx, New York, bought over 50,000 pounds of frozen chicken backs from Allen Family Foods ("Allen") of Seaford, Delaware, for export to Romania. Complaint, paragraph 1; hereinafter "C-__." Plaintiff alleges he was given inspection certificates by the Food Safety and Inspection Service ("FSIS"), saying that the chicken backs were safe and fit for export. C-7; see also Exhibit B to the Complaint, hereinafter "Ex-__." The chicken backs were exported, but in Romania they were found to be contaminated with salmonella and were destroyed. C-2.

Plaintiff sued Allen in New York and Delaware state courts, alleging that the chicken backs were contaminated at the time Albu acquired them from Allen. C-3. According to plaintiff's complaint, the New York case was dismissed on *forum non conveniens* grounds. C-3.

Apparently in connection with the Delaware litigation, Albu submitted a Freedom of Information Act ("FOIA") request to FSIS, in response to which, by letter of March 21, 2001, FSIS confirmed that salmonella testing was conducted on the chicken backs in May of 1998, before Albu acquired them from Allen. C-10, Ex. C. Relying in part on the accuracy of the certificates, on April 30, 2001 the Superior Court judge granted summary judgment in favor of Allen in the Delaware court proceeding. Ex. A-3.

Subsequently, however, by letter of December 27, 2001, FSIS advised plaintiff that the letter of March 21, 2001, was in fact erroneous, and that the chicken backs had not been subjected to salmonella testing. C-12, Ex. D. The Superior Court judge declined to reopen the state proceedings, however. C-14, 15. Plaintiff then filed an administrative claim with FSIS on

July 10, 2003. When FSIS failed to act on his claim, Plaintiff filed the instant action on April 29, 2005, alleging that the negligent misrepresentations by FSIS, first disclosed in the December 2001 letter, caused him to lose his right to compensation from Allen in Superior Court.

**ARGUMENT**

1. **Plaintiff's Claim Falls Within The Misrepresentation Exception To The Waiver Of Sovereign Immunity Under The Federal Tort Claims Act**

The misrepresentation exception to the government's waiver of sovereign immunity under the Federal Torts Claims Act ("FTCA") is contained in 28 U.S.C § 2680 (h), and states in pertinent part, "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to "[a]ny claim arising out of ... misrepresentation."

That the FTCA specifically retains sovereign immunity for claims arising out of misrepresentation has been recognized by the federal courts. "The essence of an action for misrepresentation or deceit for the purposes of § 2680 (h), is a communication of misinformation upon which the recipient relies." *Beneficial Consumer Discount Company v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995), citing *Block v. Neal*, 460 U.S. 289, 296-7 (1983). The Supreme Court has defined the scope of the misrepresentation exception, explicitly stating that § 2680 (h) "relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements." *Id.* at 297. A cause of action based on the Government's failure to use due care in communicating information is therefore barred. *Id*.

If an exception to the FTCA applies, then the United States may not be sued, and litigation based on an excepted claim must end. *Kosak v. United States*, 465 U.S. 848 (1984).

In short, the misrepresentation exception bars Plaintiff's claim in the instant case.

2. **Plaintiff Has Not Named The United States of America, The Proper Defendant In This Action.**

The proper defendant in a claim made under the FTCA is the United States of America, not a federal agency. *Morano v. United States Naval Hospital,* 437 F.2d 1009, 1010 (3d Cir. 1970)(citing 28 U.S.C. § 2679); *accord, Dilg v. United States,* 635 F.Supp. 406, 407 (D.N.J. 1986) ("[i]ndividual agencies of the United States may not be sued in their own name [under the FTCA]." This is a jurisdictional imperative. *Id.*

Thus, because plaintiff improperly named the FSIS as a defendant, all claims against it should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Complaint in this action should be dismissed as to the Food Safety and Inspection Service.

>Respectfully submitted,
>
>COLM F. CONNOLLY
>Assistant United States Attorney
>
>By: /s/Patricia C. Hannigan
>Patricia C. Hannigan
>Assistant United States Attorney
>Delaware Bar I.D. No. 2145
>The Nemours Building
>1007 Orange Street, Suite 700
>P. O. Box 2046
>Wilmington, DE 19899-2046
>(302) 573-6277
>Patricia.Hannigan@usdoj.gov

Dated: October 19, 2005

**CERTIFICATE OF SERVICE**

I, Patricia C. Hannigan, hereby certify that on **October 19, 2005**, I electronically filed the foregoing **DEFENDANT FOOD SAFETY AND INSPECTION SERVICE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:.

**Elizabeth M. McGeever**
Prickett, Jones & Elliott, P.A.
1310 King St.
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
emmcgeever@prickett.com

Notification of such filing will be served via First Class U.S. Mail, postage prepaid, and delivered to the following:

**Peter Albu**
Albu Trading Inc.
2960 Grand Concourse L 2
Bronx, NY 10458
(646) 260-5553

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Bldg.
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov